# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALOWETTA BELL,**

        **Plaintiff,**

**v.**                                                               **Case No:   6:14-cv-916-Orl-40KRS**

**WAYNE DENSCH, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 25)** |
| **FILED:** | **December 17, 2014** |

### I.   PROCEDURAL HISTORY.

On June 13, 2014, Plaintiff Alowetta Bell filed suit against her former employer, Defendant Wayne Densch, Inc. ("WDI"). Doc. No. 1. In her complaint, she alleged that WDI unlawfully failed to pay her overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* *Id.*

On October 30, 2014, the parties notified the Court that they had reached a full settlement. Doc. No. 21. On November 20, 2014, the parties filed a Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice, seeking approval of the resolution of Bell's FLSA claim. Doc. No. 23. The parties attached a copy of the proposed settlement agreement. Doc. No. 23-1.

On December 10, 2014, I issued a Supplemental Briefing Order requiring the parties to file a supplemental memorandum addressing whether a broad general release contained in the proposed settlement agreement undermined the fairness of the agreement. Alternatively, the parties were permitted to submit an amended proposed settlement agreement. Doc. No. 24.

On December 17, 2014, the parties filed the above-referenced Renewed Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice. Doc. No. 25. The parties attached to the motion an executed copy of their amended proposed settlement agreement.[1] Doc. No. 25-1. The motion was referred to me for issuance of a Report and Recommendation. *See* Doc. No. 22. Accordingly, the matter is now ripe for resolution.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. "*Lynn's Food* requires the parties to an FLSA compromise to present the proposed agreement to the district court, which may enter a stipulated judgment after scrutinizing the settlement for fairness." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) (internal quotation omitted).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that

---

[1] The Court notes that the parties' amended proposed settlement agreement contains a reference to an unrelated FLSA case that was filed in the Ocala Division of this Court. *See* Doc. No. 25-1 at 3 (erroneously stating that the instant case is "CASE NO.: 5:14-cv-166-oc-10PRL"). However, it is clear from the use of the case caption for the instant case at the beginning of the amended proposed settlement agreement that the agreement is intended to resolve the FLSA dispute in this case. *See id.* at 1.

counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam) (unpublished decision cited as persuasive authority). If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must separately consider the reasonableness of attorney's fees when "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III.   ANALYSIS.**

   A.   *Compromise of Claim.*

Under the amended settlement agreement, Bell will receive a total of $10,000.00 as follows: $2,600.00 in alleged unpaid wages, $2,600.00 in alleged liquidated damages, and $4,800.00 in attorney's fees and costs. Doc. No. 25-1 at 3.

In her answers to the Court's FLSA Interrogatories, Bell averred that she was entitled to approximately $15,854.00 in unpaid overtime wages, plus liquidated damages and attorney's fees and costs. Doc. No. 16 at 3; Doc. No. 25 at 3. However, the parties represent in the Renewed Joint Motion that, after the exchange of discovery materials, Bell revised her claim downward because her base pay for a portion of her employment period was lower than initially claimed, the amount of hours she alleged she was underpaid were less than initially claimed, and "there were valid arguments to support the notion that the alleged violation was not willful." Doc. No. 25 at 3 & n.1. Nonetheless, though the parties do not specify the revised amount of unpaid wages that Bell now claims WDI owes her, they assert in the Renewed Joint Motion that Bell has

compromised her revised claim. Accordingly, I recommend that the Court find that Bell has compromised her claim within the meaning of *Lynn's Food*.

      B.      *Whether the Settlement Agreement is Fair and Reasonable.*

Because Bell has compromised her claim, under *Lynn's Food* the Court must evaluate whether the settlement agreement is fair and reasonable. Through counsel, the parties represent that they meaningfully disagreed over the number of hours claimed, exchanged conflicting evidence and legal arguments, and continue to disagree over the merits of Bell's claim. Doc. No. 25 at 6. Bell's success on the merits of her claim and the range of possible recovery are uncertain. *Id.* Furthermore, continuing to litigate this matter will result in protracted litigation at a cost many times that of the amounts claimed, with the outcome remaining highly uncertain for both parties. *Id.* at 5. As such, the parties represent that they entered the settlement to minimize future risks and litigation costs. *Id.* Accordingly, I recommend that the Court find that the parties have adequately disclosed the facts and circumstances underlying the decision to settle Bell's claims.

Furthermore, the parties' amended proposed settlement agreement has narrowed the scope of the release clause, such that the agreement no longer contains any provisions that would render the settlement otherwise unfair. Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355.

      C.      *Attorney's Fees and Costs.*

The amended settlement agreement provides that Bell's attorney will receive a total of $4,800.00 in attorney's fees and costs. Doc. No. 25-1 at 3. Counsel for the parties state in the Renewed Joint Motion that the amount to be paid under the amended settlement agreement for

attorney's fees and costs "was negotiated separately and without consideration of the wages and liquidated damages portion of [Bell's] claim."  Doc. No. 25 at 7.

When, as here, the attorney's fees were agreed upon separately, without regard to the amount paid to Bell, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."  *Bonetti*, 715 F. Supp. 2d at 1228.  The settlement agreement is reasonable, as discussed above, and there is no reason to believe that Bell's recovery was adversely affected by the amount of fees paid to her attorney.  Accordingly, I recommend that the Court approve the settlement agreement without considering the reasonableness of the attorney's fees.

**IV.   RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **GRANT** the Renewed Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. No. 25), and **FIND** that the amended settlement agreement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

2. **PROHIBIT** counsel from withholding any portion of the $5,200.00 payable to Bell under the amended settlement agreement pursuant to a contingent fee agreement or otherwise;

3. **ORDER** counsel for Bell to provide a copy of the Court's Order to Bell; and

4. **DISMISS** the case with prejudice, and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 21, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy